Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs, CeOpco, LLC,*
*207 Anderson LLC, Bad Boy Entertainment LLC,*
*Bad Boy Entertainment Holdings, Inc., and Janice Combs*
*Publishing LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DEONTE NASH,<br><br>    Plaintiff,<br><br>  v.<br><br>SEAN COMBS; 207 ANDERSON; BAD BOY ENTERTAINMENT, LLC; CE OPCO, LLC d/b/a COMBS GLOBAL, f/k/a COMBS ENTERPRISES, LLC; JANICE COMBS PUBLISHING, LLC; BAD BOY RECORDS, LLC; BAD BOY ENTERTAINMENT HOLDINGS, INC.; and DOES 1–25,<br><br>    Defendants. | Case No. 2:25-cv-11033-MEMF-PVCx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORPORATE DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: March 12, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom: 8B |

1

2

## **TABLE OF CONTENTS**

I.       INTRODUCTION ..................................................................................1

II.     THE COMPLAINT ...............................................................................2

III.    APPLICABLE LEGAL STANDARD ................................................3

IV.    ARGUMENT .........................................................................................3

   A.    Plaintiff's Claims Are Barred by the Applicable Statutes of Limitations ....3

   B.    Plaintiff Should Be Ordered to Plead a More Definite Statement of His

Human Trafficking Claim .........................................................................6

   C.    Plaintiff's Claims Cannot Be Revived Through Equitable Tolling.............7

   D.    The Majority of Plaintiff's Claims Cannot Be Revived Under § 340.16...10

   E.    Plaintiff Cannot Pursue Claims Against 207 Anderson .............................10

   F.    The Corporate Defendants Are Not Vicariously Liable .............................11

   G.    The Complaint Fails to State a Claim .........................................................13

     1.  Plaintiff Cannot Deem the Corporate Defendants as a Single Entity.........13

     2.  The Complaint Fails to State a Claim for Constructive Discharge ............13

V.      CONCLUSION....................................................................................15

1

## TABLE OF AUTHORITIES

2

**Cases**

*Addison*, 21 Cal.3d at 317 ............................................................................9, 11

3

*Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1251–52 (1994) ...................................6

4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...............................................3, 4

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)......................................3

*Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D. Cal. 2021)..........................5

6

*Bitarafan v. Claremont Police Dep't*, No. 24-cv-3283, 2025 WL 575355, at *3 (C.D.

7
Cal. Jan. 3, 2025) ........................................................................................5

8

*Calove v. Medtronic, Inc.*, No. 13-cv-1322, 2013 WL 1247666, at *1–2 (C.D. Cal.

9
Mar. 27, 2013) ............................................................................................6

*CRST, Inc. v. Superior Court*, 11 Cal.App.5th 1255, 1260 (2017) ...........................13

10

*Daviton v. Colum./HCA Healthcare Corp.*, 241 F.3d 1131, 1137–38 (9th Cir. 2001) .9

11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir.

12
2014).............................................................................................3, 10, 14

Fed. R. Civ. P. 12(b)(6) ...................................................................................1

13

*Feliz v. County of Orange*, 91 Cal.App.5th 927, 939 (Cal. Ct. App. 2023)..................9

14

*Iqbal*, 556 U.S. at 678 ....................................................................................3

15

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)...............................4

*Kaldis*, 263 F. Supp. 3d at 867.........................................................................5

16

*Karamsetty v. Wells Fargo & Co.*, 967 F. Supp. 2d 1305, 1321 & n.4 (N.D. Cal.

17
2013)...........................................................................................................6

18

*Mary M. v. Los Angeles*, 54 Cal.3d 202, 209 (1991)....................................13

19

*Mejia v. Credence Mgmt. Solutions*, 782 F. Supp. 3d 884, 888 (C.D. Cal. 2025)......11

*Mullins*, 15 Cal.4th at 737.........................................................................6, 16

20

*Rebolledo v. JPMorgan Chase Bank, NA*, No. 09-cv-2324, 2010 WL 11595812, at

21
*1–2 (C.D. Cal. Mar. 2, 2010) ...................................................................8

22

*Reyes v. Checksmart Fin., LLC*, 701 Fed. App'x 655, 657–58 (9th Cir. 2017)..........16

*Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal.5th 710, 719 (2020)8,

23
9, 10

24

*Sanchez v. Wells Fargo Bank, Nat'l Ass'n*, No. 19-cv-6837, 2020 WL 13607902, at

25
*7 (C.D. Cal. Mar. 24, 2020) ..............................................................16, 17

*SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) ..................................14

26

*Turner*, 7 Cal.4th at 1244 (1994) ..........................................................passim

27

*Twombly*, 550 U.S. at 555 ...............................................................................3

28

CORPORATE DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

*Wood v. Apodaca*, 375 F. Supp. 2d 942, 949–50 (N.D. Cal. 2005) ...........................8

**Statutes**

Cal. Civ. Code § 52.4......................................................................................5

Cal. Civ. Code § 52.4(b)................................................................................5

Cal. Civ. Code § 52.5...............................................................................4, 6

Cal. Civ. Proc. Code § 335.1....................................................................4, 5

Cal. Civ. Proc. Code § 340(c).........................................................................4

Cal. Code. Civ. Proc. § 340.16...................................................................10

Cal. Corp. Code § 17707.07........................................................................11

Fed. R. Civ. P. 12(e)......................................................................................7


**Other Authorities**

75A N.Y. Jur. 2d, Limitations and Laches 215 .........................................10

C.P.L.R. § 214(2).......................................................................................10

C.P.L.R. § 214(5).......................................................................................10

C.P.L.R. § 215(3).......................................................................................10

N.Y. Labor Law § 740................................................................................10

CORPORATE DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

Defendants CeOpco, LLC f/k/a Combs Enterprises LLC and d/b/a Combs Global, 207 Anderson LLC (incorrectly sued as "207 Anderson"), Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc., and Janice Combs Publishing LLC (collectively, the "Corporate Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the Complaint, dated September 24, 2025 (the "Motion to Dismiss"). On November 17, 2025, this action was removed to this Court.

The Corporate Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for the following reasons: (1) expiration of the applicable statutes of limitations; and (2) failure to state a claim upon which relief can be granted.

## I.    INTRODUCTION

Plaintiff purportedly alleges wide-ranging misconduct against Defendant Sean Combs ("Mr. Combs") when he allegedly employed Plaintiff between 2008 to 2018. Plaintiff claims that the Corporate Defendants—which are each separate and independently organized legal entities—are liable for Mr. Combs's alleged misconduct based solely on his purported ownership of those entities. That is an insufficient basis for liability against the Corporate Defendants.

Multiple procedural hurdles foreclose Plaintiff's claims against the Corporate Defendants. The claims are barred by multiple statutes of limitations. And while Plaintiff requests equitable tolling, the allegations fail to satisfy the required elements for the doctrine to apply. Because no statute revives Plaintiff's time-barred claims, the Corporate Defendants should be dismissed from the action with prejudice, and Defendant 207 Anderson should also be separately dismissed because it was dissolved years ago.

Because the Complaint is inadequately pleaded, it should be dismissed for that reason as well. All of Plaintiff's claims are premised on vicarious liability. However, none of Mr. Combs's alleged misconduct is within the scope of employment of any

Corporate Defendant, and the constructive discharge claim is too threadbare to survive dismissal.

If any dispute exists here—and none does—it is between Plaintiff and Mr. Combs—but those allegations are fabricated and unprovable. The Corporate Defendants should not have been named in this action for conduct in which they neither participated nor ratified. By naming inappropriate corporate defendants, it appears Plaintiff is attempting to expand the potential source of deep pockets. The Corporate Defendants should be dismissed from this action with prejudice.

## II.    THE COMPLAINT

The Complaint alleges that Plaintiff met Mr. Combs in 2008 when Plaintiff was purportedly a personal stylist in New York City. Compl. ¶ 36. At the time, Plaintiff also allegedly worked as a personal stylist and creative director for Casandra Ventura ("Ms. Ventura"), who was Mr. Combs's then-girlfriend. *Id.*

A few months after their introduction, Mr. Combs allegedly hired Plaintiff to work as his personal stylist along with Ms. Ventura. *Id.* ¶¶ 37–38. The Complaint alleges that 207 Anderson was Plaintiff's employer. *Id.* ¶ 8. In 2018, Plaintiff alleges he ended his employment with 207 Anderson. *Id.* ¶ 40. During the alleged employment, the Complaint purports to allege numerous wrongful acts committed by Mr. Combs, including human trafficking, assault, battery, intentional and negligent infliction of emotional distress, false imprisonment, gender and sexual orientation motivated violence, and constructive discharge. *Id.* ¶¶ 30–122.

The Complaint broadly alleges that the Corporate Defendants enabled, encouraged, and concealed Mr. Combs's alleged misconduct against Plaintiff. *Id.* ¶¶ 21–24, 63, 78, 104, 106, 113, 117. Because of the alleged common ownership/control of each Corporate Defendant by Mr. Combs, the Complaint inexplicably deems them one entity for purposes of liability. *Id.* ¶¶ 7–15. No specific agent or employee of any Corporate Defendant is individually named, and no specific misconduct is attributed to

a particular Corporate Defendant. *Id.* And, the Complaint deems the nameless agents/employees as simultaneously employed by each Corporate Defendant, having the sole purpose of catering to Mr. Combs's whims or desires (as opposed to any legitimate corporate purpose). *Id.*

## III.   APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

Assessing a motion to dismiss is a two-step process that is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014). First, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. All such allegations must be disregarded by a court. *See id.* Second, a court "assume[s] the[] veracity" of the "*well pleaded* factual allegations" and "determine[s] whether they *plausibly* give rise to an entitlement to relief." *Id.* (emphasis added); *see Twombly*, 550 U.S. at 555. Accordingly, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678; *see Eclectic Props.*, 751 F.3d at 996.

## IV.   ARGUMENT

### A. Plaintiff's Claims Are Barred by the Applicable Statutes of Limitations

CORPORATE DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

A limitations defense can be asserted by motion if the defense is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). The Complaint purports to allege eleven causes of action against the Corporate Defendants, namely: Human Trafficking under Cal. Civ. Code § 52.5 (First Cause of Action); Assault (Second Cause of Action); Battery (Third Cause of Action); Sexual Battery (Fourth Cause of Action); Negligence (Fifth Cause of Action); Intentional Infliction of Emotional Distress ("IIED") (Sixth Cause of Action); Negligent Infliction of Emotional Distress ("NIED") (Seventh Cause of Action); False Imprisonment (Eighth Cause of Action); Gender Violence under Cal. Civ. Code § 52.4 (Ninth Cause of Action); Sexual Orientation Violence under Cal. Civ. Code § 52.4 (Tenth Cause of Action); and Constructive Discharge (Eleventh Cause of Action).

The applicable statutes of limitations for the above claims are as follows:

| Claim | Statute of Limitations |
| --- | --- |
| Human Trafficking | Seven years. *See* Cal. Civ. Code § 52.5(c). |
| Assault | Two years. *See* Cal. Civ. Proc. Code § 335.1. |
| Battery | Two years. *See* Cal. Civ. Proc. Code § 335.1. |
| Sexual Battery | Two years. *See Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D. Cal. 2021). |
| Negligence | Two years. *See Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (citing Cal. Civ. Proc. Code § 335.1). |
| IIED | Two years. *See Kaldis*, 263 F. Supp. 3d at 867 (citing Cal. Civ. Proc. Code § 335.1). |
| NIED | Two years. *See Bitarafan v. Claremont Police Dep't*, No. 24-cv-3283, 2025 WL 575355, at *3 (C.D. Cal. Jan. 3, 2025) (citing Cal. Code Civ. Proc. § 335.1). |
| False Imprisonment | One year. *See* Cal. Civ. Proc. Code § 340(c). |

| Gender Violence | Three years. *See* Cal. Civ. Code § 52.4(b). |
|---|---|
| Sexual Orientation Violence | Three years. *See* Cal. Civ. Code § 52.4(b). |
| Constructive Discharge | Two years. Constructive discharge adopts the statute of limitations of the underlying tort or breach of contract on which the wrongful termination is based. *See Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1251–52 (1994) (*en banc*); *Mullins v. Rockwell Int'l Corp.*, 15 Cal.4th 731, 738 (1997). Plaintiff bases his constructive discharge claim on human trafficking under Cal. Civ. Code § 52.4. *See* Compl. ¶ 231. But a claim for constructive discharge may be based only on a breach of an express/implied contract or violation of public policy. *See Turner*, 7 Cal.4th at 1252. (Because no breach of contract is alleged here, Plaintiff may rely only on a violation of public policy, which has a two-year limitations period. *See* Cal. Code Civ. P. § 335.1; *Karamsetty v. Wells Fargo & Co.*, 967 F. Supp. 2d 1305, 1321 & n.4 (N.D. Cal. 2013); *Calove v. Medtronic, Inc.*, No. 13-cv-1322, 2013 WL 1247666, at *1–2 (C.D. Cal. Mar. 27, 2013). |

In 2018, Plaintiff allegedly ended his employment with 207 Anderson, which would be the final year that any defendant could have allegedly committed any

1   misconduct against Plaintiff that was tied to his alleged employment.[1] *See* Compl. ¶ 6.

2   Therefore, except for the human trafficking claim under Cal. Civ. Code § 52.5,

3   Plaintiff's claims are time-barred by the customarily applicable statutes of limitations.

4         Under Cal. Civ. Code § 52.5(c), a plaintiff must file a claim for human

5   trafficking within seven years from the end of the trafficking incident. According to

6   the Complaint, Plaintiff's employment ended in 2018, which is when the alleged

7   trafficking ended. *See* Compl. ¶ 132. However, the Complaint is silent on the date *when*

8   Plaintiff's employment ended in 2018. That omitted date is essential because Plaintiff

9   filed the Complaint on September 25, 2025. *Id.* at 1. Therefore, if Plaintiff's

10  employment ended before September 25, 2018, then the human trafficking claim is

11  time-barred. While the Complaint is silent on this key date, the human trafficking claim

12  is pleaded in the section demanding equitable tolling. Therefore, Plaintiff recognized

13  that the otherwise applicable limitations period expired. *Id.* ¶ 129.

14        Because none of the claims against the Corporate Defendants were filed within

15  the applicable statutes of limitations, the Complaint should be dismissed with

16  prejudice, as no possible amendment can cure that defect.

17      **B. Plaintiff Should Be Ordered to Plead a More Definite Statement of His**

18          **Human Trafficking Claim**

19        If the Court decides not to dismiss the trafficking claim based on the statute of

20  limitations, then Plaintiff should be required to plead a more definite statement with

21  respect to that claim. Regardless, the other claims are barred based on the applicable

22  statute of limitations on the face of the Complaint.

23        "A party may move for a more definite statement of a pleading to which a

24  responsive pleading is allowed but which is so vague or ambiguous that a party cannot

25

26

27  [1] The Complaint alleges that in 2019 Mr. Combs allegedly "threatened" to track Ms. Ventura's car to discover where Plaintiff and Ms. Ventura were situated, but that does

28  not constitute actionable misconduct of any kind. *Id.* ¶ 89.

reasonably prepare a response." Fed. R. Civ. P. 12(e). Such relief has been granted where clarification directly bears on the availability of a statute of limitations defense. *See Rebolledo v. JPMorgan Chase Bank, NA*, No. 09-cv-2324, 2010 WL 11595812, at *1–2 (C.D. Cal. Mar. 2, 2010) (granting motion where clarification was "critical" to availability of "potential statute of limitations bar"); *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949–50 (N.D. Cal. 2005).

As in *Rebolledo*, the Complaint alleges only the calendar year the purported human trafficking ended. *See Rebolledo*, 2010 WL 11595812, at *1; Compl. ¶ 6. As that broad timeline was deficient in *Rebolledo*, it is likewise deficient here. While the pleading standards under Rule 8 are liberal, relief under Rule 12(e) is appropriate when clarification of an essential date can trigger a limitations defense as is the case here.

### C. Plaintiff's Claims Cannot Be Revived Through Equitable Tolling

It is well settled that "[e]quitable tolling is a judicially created, nonstatutory doctrine that suspend[s] or extend[s] a statute of limitations as necessary to ensure fundamental practicality and fairness." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal.5th 710, 719 (2020) (alteration in original) (quotation omitted).

The doctrine applies where a plaintiff's pursuit of one legal remedy (*e.g.*, filing claims in state court) makes the pursuit of alternative remedies (*e.g.*, filing the same claims in federal court) stale in the interim. *See Daviton v. Colum./HCA Healthcare Corp.*, 241 F.3d 1131, 1137–38 (9th Cir. 2001); *Addison v. California*, 21 Cal.3d 313, 317 (1978).

For equitable tolling, a plaintiff must plead with specificity: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Daviton*, 241 F.3d at 1137–38.

"The first element, timely notice, means that plaintiff must have filed the first claim within the relevant statutory period." *Hector Tapia v. Hyatt Corp.*, 2021 WL

3076650, at *3 (C.D. Cal. June 30, 2021) (citing *Daviton*, 241 F.3d at 1138). "The second element does not require the two claims be identical, but their facts must be similar enough that the investigation of the first claim would identify the evidence needed to appropriately defend the second." *Id.* (citing *Daviton*, 241 F.3d at 1138). "The third element requires a plaintiff to act objectively reasonably and subjectively in good faith." *Id.* (citing *Saint Francis*, 9 Cal.5th at 728–29). Finally, "[t]he party invoking equitable tolling bears the burden of proving its requirements." *Feliz v. County of Orange*, 91 Cal.App.5th 927, 939 (Cal. Ct. App. 2023).

According to the Complaint, Plaintiff is entitled to equitable tolling because he could not file his claims in a timely manner for "fear" of Mr. Combs's "reprisals." Compl. ¶¶ 126–29. It is further alleged that such "fear" allegedly presently continues. *Id.* ¶ 128. But under the applicable law, these allegations fail to plead, with specificity, the required elements to assert the equitable tolling doctrine.

Regarding the first element, no allegation is alleged of a prior claim against the Corporate Defendants. This element is interpreted literally. *See Saint Francis*, 9 Cal.5th at 727. "When confronted with equitable tolling claims, courts must examine each case on its facts to determine whether the defendant received *timely* notice of the plaintiff's intent to file suit." *Id.* (emphasis added). Because no allegations address this requirement, this element is unsatisfied.

Regarding the second element, the sole allegation concerning prejudice to the Corporate Defendants is the following: "Mr. Nash's claims are timely and *do not result in prejudice to Defendants*." Compl. ¶ 129 (emphasis added). On its face, that allegation is conclusory and devoid of facts. *See Eclectic Props.*, 751 F.3d at 996. But even if it could be considered here, this allegation fails to plead with specificity the requirements of this element. A court must consider "whether application of equitable tolling would prevent the defendant from defending a claim on the merits." *Saint Francis*, 9 Cal.5th at 728. The Complaint fails to address how the Corporate

CORPORATE DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

1  Defendants can defend Plaintiff's claims, despite each claim being pursued well-

2  beyond the appliable limitations period. The non-prejudice element is unsatisfied.

3        Finally, while the Complaint mentions "fear" of "reprisals" by Mr. Combs as the

4  basis for Plaintiff's delay in filing his action, no explanation is alleged regarding what

5  he feared before and why Plaintiff felt safe enough now to file his claims. *See* Compl.

6  ¶¶ 126–29. Mr. Combs was arrested on September 16, 2024, and has been incarcerated

7  since then. *See* Press Release, *Sean Combs Charged in Manhattan Federal Court with*

8  *Sex Trafficking and Other Federal Offenses*, U.S. ATTORNEY'S OFFICE (Sept. 17,

9  2024), https://www.justice.gov/usao-sdny/pr/sean-combs-charged-manhattan-federal-

10  court-sex-trafficking-and-other-federal-offenses.[2]  Mr. Combs's circumstances have

11  not changed in more than a year, leaving little doubt that Plaintiff's supposed fear of

12  Mr. Combs's reprisals is not a plausible explanation for his delay in filing this lawsuit.

13  Importantly, no allegations are leveled against the Corporate Defendants (or any

14  agent/employee) that they caused Plaintiff such fear that he felt unsafe to file his claims

15  against them.

16        "It is fundamental that the primary purpose of statutes of limitation[s] is to

17  prevent the assertion of stale claims by plaintiffs who have failed to file their action

18  until evidence is no longer fresh and witnesses are no longer available." *Addison*, 21

19  Cal.3d at 317. "The statutes, accordingly, serve a distinct public purpose, preventing

20  the assertion of demands which through the unexcused lapse of time, have been

21  rendered difficult or impossible to defend." *Id.* That is precisely the case here. Equitable

22  tolling is not proper because, among other things, Plaintiff self-determined that now is

23  the right time to sue the Corporate Defendants, and not earlier.

24

25

---

26  [2] The date of Mr. Combs's arrest is appropriate for judicial notice because it is not

27  subject to reasonable dispute. *See Mejia v. Credence Mgmt. Solutions*, 782 F. Supp. 3d 884, 888 (C.D. Cal. 2025).

28

1      The Court should reject the assertion of equitable tolling and dismiss all claims

2  against the Corporate Defendants.

3      **D. The Majority of Plaintiff's Claims Cannot Be Revived Under § 340.16**

4      Section 340.16 of the Cal. Code. Civ. Proc. revives time-barred claims for

5  damages "suffered as a result of sexual assault." But Section 340.16 applies only if the

6  claim at issue stems from a sexual assault in California or in another state where the

7  statute of limitations has not expired. *See* Cal. Civ. Proc. Code § 361. Thus, the sole

8  actionable conduct is the following: the alleged incident in 2015 in Nevada involving

9  nipple pinching; and the alleged incident in 2017 in California involving alleged butt

10  grabbing.[3] Compl. ¶¶ 49, 51. Because the other allegations in the Complaint involve

11  alleged sexual assaults that are time-barred under another state's statute of limitation,

12  those alleged claims cannot be revived.

13      For all of these reasons, the sole allegations that may be subject to revival under

14  Section 340.16 are the 2015 alleged assault in Nevada and the 2017 alleged assault in

15  California. *Id.* ¶¶ 47, 51. No other allegations should be considered by the Court.

16      **E. Plaintiff Cannot Pursue Claims Against 207 Anderson**

17      Defendant 207 Anderson was formerly a limited liability company, which was

18  formed for the purpose of purchasing and owning a home in New Jersey. *See*

19  Declaration of Lilah N. Cook ("Cook Decl.") ¶ 4. The entity was created under the laws

20

21

_____

22  [3] The applicable New York statute of limitations periods are the following: Assault
   (one year), C.P.L.R. § 215(3); Battery (one year), C.P.L.R. § 215(3); Sexual Battery
23  (one year), C.P.L.R. § 215(3); Negligence, C.P.L.R. § 214(5); IIED (one year),
   C.P.L.R. § 215(3); NIED (three years), *see* 75A N.Y. Jur. 2d, Limitations and Laches
24  215; False Imprisonment (one year), C.P.L.R. § 215(3); Constructive Discharge (three
   years), C.P.L.R. § 214(2) & N.Y. Labor Law § 740. The alleged incidents in New York
25  in 2013, 2014, and/or 2018 are time-barred and not subject to claim-revival. *See* Compl.
26  ¶¶ 48, 52–53. The alleged incident in 2016, which lacks a location, is inactionable
   because Plaintiff cannot allege that the limitations period has not expired without
27  identifying where it allegedly occurred. *Id.* ¶ 50.
28

of the State of New Jersey. *See id.* In 2021, 207 Anderson was formally dissolved. *See id.*

A claim involving a dissolved limited lability company is governed by Cal. Corp. Code § 17707.07, which provides that if assets of a company are distributed, then a claim may be asserted only against a member of the dissolved entity up to the amount of the distributed assets. *Id.* § 17707.07(a)(1).

In 2021, 207 Anderson's sole asset, a house, was distributed to a third party. Thus, Plaintiff may only maintain a claim against a member of 207 Anderson. No claim lies against 207 Anderson under Section 17707.07, therefore the claims must be dismissed with prejudice.

## F.  The Corporate Defendants Are Not Vicariously Liable

"Under the doctrine of respondeat superior, an employer is vicariously liable for the torts of its employees committed within the scope of the employment." *CRST, Inc. v. Superior Court*, 11 Cal.App.5th 1255, 1260 (2017) (quotation omitted). "A risk arises out of the employment when in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M. v. Los Angeles*, 54 Cal.3d 202, 209 (1991) (quotation omitted). "In other words, where the question is one of vicarious liability, *the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer*." *Id.* (quotation omitted) (emphasis added).

The threadbare allegations in the Complaint cannot sustain finding the Corporate Defendants vicariously liable for Mr. Combs's alleged misconduct. Except for 207 Anderson—which formerly owned a house and is now dissolved—the Corporate Defendants are entertainment-related businesses. Nothing about them involves or concerns the business of committing crimes, such as human trafficking, battery, or assault, as typical of or incidental to their everyday lines of work. *See id.*

The Complaint also fails to allege what, if any, day-to-day role Mr. Combs assumed in each business such that the degree of his involvement or actual employment could be inferred. Instead, the Complaint relies solely on the following: (1) the Corporate Defendants are allegedly Mr. Combs's alter-egos and (2) the Corporate Defendants are owned and/or controlled by Mr. Combs.

Plaintiff's alter-ego theory is a non-starter. Establishing an alter-ego relationship requires the following: (1) "such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased," and (2) "an adherence to the fiction of the separate existence of the corporation" that would "sanction a fraud or promote injustice." *SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003).

The Complaint merely alleges the *conclusion* that the Corporate Defendants are Mr. Combs's alter-egos. *See* Compl. ¶¶ 7(a), 15, 19. Legal conclusions cannot be considered for purposes of motions to dismiss. *See Eclectic Props.*, 751 F.3d at 996. But even if they could, those allegations fail to satisfy the required elements of the alter-ego doctrine. No unity of interest is alleged here. Also, no explanation is given why Mr. Combs's alleged ownership and/or control of the Corporate Defendants destroyed the corporate veil between an individual and a corporation. And, finally, no allegations are made why maintaining a corporate form with respect to the Corporate Defendants would "sanction a fraud or promote injustice." *Hickey*, 322 F.3d at 1128.

Likewise, the allegations regarding Mr. Combs's ownership and/or control of each Corporate Defendant do not create an alter-ego relationship. Mere ownership of a company does not automatically mean that the owner is an officer or employee, or that any act of the owner as an officer or employee is within the scope of the employment. Ownership and/or control is not coextensive with responsibility/liability for the acts of the owner or employee of an entity.

The Complaint fails to adequately plead vicarious liability against the Corporate Defendants, therefore all claims should be dismissed with prejudice.

**G. The Complaint Fails to State a Claim**

    **1.  Plaintiff Cannot Deem the Corporate Defendants as a Single Entity**

The Corporate Defendants are separate and independently created entities with distinct business formations and focuses. The Complaint simply deemed them as one entity for purposes of liability, referring to them as the "Combs Enterprises." *Id.* ¶ 7(a).

Every time a purported agent or employee of a Corporate Defendant is alleged to have committed a tortious act, it is alleged that such agent or employee acted for every other Corporate Defendant. *Id.* ¶¶ 21–24, 63, 78, 104, 106, 113, 117. There is nothing alleged in the Complaint to differentiate which Corporate Defendant is alleged to have done what to whom. For example, the Complaint fails to identify:

- Whether the same agent/employee committed all the alleged misconduct, or whether different persons were involved at different times and places of each alleged act;
- The position or title of the agent or employee involved in the alleged misconduct; or
- Whether the agent or employee answered to other persons at each entity or someone else.

The Complaint also fails to identify the manner in which any Corporate Defendant other than 207 Anderson employed Plaintiff. *Id.* ¶ 8. Such absent allegations are glaring because the tax forms Plaintiff would have been issued by his employer (*id.* ¶ 37) identify which entity paid him.

In short, the allegations against the Corporate Defendants are too vague and incomplete to state any claim upon which relief can be granted. Therefore, all claims should be dismissed with prejudice against the Corporate Defendants.

    **2.  The Complaint Fails to State a Claim for Constructive Discharge**

A constructive discharge occurs "when the employer's conduct effectively forces an employee to resign." *Turner*, 7 Cal.4th at 1244 (1994). The discharge is

1  treated as a dismissal of an employee, which is accomplished indirectly. *See Mullins*,

2  15 Cal.4th at 737.

3      To establish constructive discharge, a plaintiff must demonstrate that: (1) the

4  employer intentionally created or knowingly permitted working conditions that were

5  intolerable at the time of the employee's resignation; (2) a reasonable person faced with

6  such conditions would have no reasonable alternative but to resign; and (3) the

7  employer knew the intolerable conditions would lead the employee's resignation.

8  *See Reyes v. Checksmart Fin., LLC*, 701 Fed. App'x 655, 657–58 (9th Cir. 2017)

9  (discussing *Turner*).

10     The Complaint insufficiently pleads the elements of constructive discharge

11 against any Corporate Defendant. 207 Anderson is the only Corporate Defendant which

12 allegedly employed Plaintiff. Compl. ¶ 8. But that entity was dissolved in 2021. *Supra*

13 p. 10. Therefore, none of the other Corporate Defendants were, or could have been, in

14 an employment relationship with Plaintiff to allow a constructive discharge.

15     But despite these insurmountable barriers, the Complaint nevertheless fails to

16 plead any of the required elements of constructive discharge. Applicable California law

17 does not permit finding Plaintiff's working conditions were intolerable. "[T]here is an

18 outer limit beyond which an employee cannot remain on the job after intolerable

19 conditions arise and still claim constructive discharge." *Turner*, 7 Cal.4th at 1254

20 (quotation omitted). "In fact, the longer the employee remains on the job, the less likely

21 a reasonable person would consider the work conditions intolerable." *Sanchez v. Wells*

22 *Fargo Bank, Nat'l Ass'n*, No. 19-cv-6837, 2020 WL 13607902, at *7 (C.D. Cal. Mar.

23 24, 2020).

24     For example, in *Turner*, the court dismissed the plaintiff's constructive discharge

25 claim because the employee waited four years to resign after the allegedly intolerable

26 conditions arose. *See Turner*, 7 Cal.4th at 1254–55. In *Sanchez*, the window was

27 shorter. *See Sanchez*, 2020 WL 13607902, at *7 (dismissing constructive discharge

28

1   claim because the employee stayed at the company for more than a year after the

2   allegedly intolerable conditions arose).

3        The Complaint alleges that the supposedly intolerable conditions began in

4   2008—ten years before Plaintiff allegedly resigned. *See* Compl. ¶ 233–36. Under

5   California law, Plaintiff's conditions are *per se* not intolerable. *See Sanchez*, 2020 WL

6   13607902, at *7. The "outer limit" described in *Turner* exists because the standard for

7   intolerable conditions requires the conditions to be truly *intolerable*. Indeed, they must

8   be so extraordinary and egregious that a person of normal competence, diligence, and

9   reasonableness would leave his employer, and financial livelihood, rather than remain

10  on the job. *See Turner*, 7 Cal.4th 1246.

11       In this case, Plaintiff admittedly endured the supposedly intolerable conditions

12  for ten years. Therefore, those conditions could not have been intolerable by any

13  reasonable standard applied by this Court. Because constructive discharge requires

14  intolerability, the Complaint inadequately pleads the elements of constructive

15  discharge. Thus, the Court should dismiss the claim with prejudice against the

16  Corporate Defendants.

17  **V. CONCLUSION**

18       Based on all of the foregoing, the Motion to Dismiss should be granted and the

19  Complaint dismissed with prejudice, together with such other and further relief as just

20  and proper. Alternatively, if the human trafficking claim is not otherwise dismissed,

21  the Court should order Plaintiff to provide a more definite statement as to that claim.

22  Dated: January 8, 2026

23                            SCHONBUCH HALLISSY LLP

24                            */s/ Michael Schonbuch*

25                            _____

26                            Michael Schonbuch
                              Lilah N. Cook

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Sean Combs, CeOpco, LLC, 207 Anderson LLC, Bad Boy Entertainment LLC, Bad Boy Entertainment Holdings, Inc., and Janice Combs Publishing LLC*

CORPORATE DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned, counsel of record for the Corporate Defendants, certifies that this brief contains 4,569 words, which complies with the word limit of L.R. 11-6.1.

Dated:   January 8, 2026                          */s/ Michael Schonbuch*

_____
Michael Schonbuch
Lilah N. Cook