Brett Schreiber, Esq. (SBN 239707)
Meagan Dove, Esq. (SBN 313117)
Katie Llamas, Esq. (SBN 303983)
Kristina Aiad-Toss (*Pro Hac Vice)*
Vanessa Trujillo, Esq. (SBN 362087)
Singleton Schreiber, LLP
591 Camino de la Reina, Ste. 1025
San Diego, California 92108
Tel: (619) 771-3473
bschreiber@singletonschreiber.com
mdove@singletonschreiber.com
kllamas@singletonschreiber.com
ktoss@singletonschreiber.com
vtrujillo@singletonschreiber.com

Attorneys for Plaintiff

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

DEONTE NASH,

Plaintiff,

v.

SEAN COMBS; 207 ANDERSON; BAD BOY ENTERTAINMENT, LLC; CE OPCO, LLC d/b/a COMBS GLOBAL, f/k/a COMBS ENTERPRISES, LLC; JANICE COMBS PUBLISHING, LLC; BAD BOY RECORDS, LLC; BAD BOY ENTERTAINMENT HOLDINGS, INC; and DOES 1 through 25, inclusive.

Defendants.

**Case No.: 2:25-cv-11033-MEMF-PVC**

**PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE THE TRIAL DATE AND MODIFY THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rules 7-1 and 40-1, and the Court's Civil Standing Order, Plaintiff Deonte Nash ("Plaintiff") respectfully requests a ninety-day continuance of the June 28, 2027 trial date, together with corresponding continuances of the related pretrial deadlines set forth in the Court's Civil Trial Order (Dkt. 39).

Good cause exists for the requested continuance based upon the scope of the allegations, the volume of discovery already served, discovery issues that will likely require Court assistance, the discovery that remains outstanding, the anticipated fact and expert depositions, and the additional procedures required to obtain leave to depose Defendant Sean Combs while incarcerated.

Pursuant to Local Rule 7-3 and the Court's Civil Standing Order, counsel met and conferred regarding the requested continuance. Counsel discussed the requested continuance by telephone on October 27, 2026, and exchanged additional correspondence on October 28, 2026, and November 2, 2026. On November 23, 2026, Defense Counsel advised that they would not stipulate to the requested ninety-day continuance. Defense counsel represented that they sought a longer continuance and that they did not oppose a continuance in principle.(Dove Decl., Exhibit A.) Because the parties could not reach agreement regarding the requested relief, Plaintiff submits this application.

**1. Nature and scope of the action.** Plaintiff commenced this action in Los Angeles County Superior Court, and Defendants removed it to this Court. The Complaint alleges a course of abuse and related misconduct spanning approximately a decade during Plaintiff's employment from 2007 to 2018. Plaintiff asserts claims against multiple individual and entity defendants arising from that alleged conduct. Defendants deny any wrongdoing.

**2. Extensive written discovery and document collection.** Discovery is extensive and ongoing. The allegations in this action span approximately eleven years and involve multiple individual and entity defendants. Since the commencement of discovery, the Parties have exchanged initial disclosures and document productions. Plaintiff served initial disclosures on March 5, 2026, consisting of approximately fifteen pages and 236 documents. Defendants served initial disclosures on March 9, 2026, consisting of approximately five pages, and supplemented those disclosures on April 29, 2026, producing an additional 46 documents. The Parties anticipate substantial additional document discovery, including electronically stored information and other materials. Additional time is necessary to identify, locate, collect, review, produce, and evaluate responsive materials; address any deficiencies through the meet-and-confer process and motion to

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

compel processes, if necessary; and conduct follow-up discovery informed by those productions before completing depositions.

**3. Discovery efforts and diligence.** Since the commencement of discovery, the Parties have actively pursued discovery and case preparation. Plaintiff served initial disclosures on March 5, 2026, consisting of approximately fifteen pages and 236 documents. Defendants served initial disclosures on March 9, 2026, and supplemented those disclosures on April 29, 2026, producing an additional 46 documents. The Parties have thereafter met and conferred regarding perceived deficiencies. The Parties have continued to engage in discovery discussions and preparation throughout the pendency of the case.

Specifically, Plaintiff served:

- Defendant **Sean Combs** with 108 Requests for Production, 84 Requests for Admission, and 25 Interrogatories;
- Defendant **207 Anderson** with 30 Requests for Production, 54 Requests for Admission, and 21 Interrogatories;
- Defendant **Bad Boy Entertainment, LLC** with 30 Requests for Production, 54 Requests for Admission, and 21 Interrogatories;
- Defendant **CE OPCO, LLC d/b/a Combs Global, f/k/a Combs Enterprises, LLC** with 30 Requests for Production, 54 Requests for Admission, and 21 Interrogatories;
- Defendant **Janice Combs Publishing, LLC** with 30 Requests for Production, 54 Requests for Admission, and 21 Interrogatories; and
- Defendant **Bad Boy Entertainment Holdings, Inc.** with 30 Requests for Production, 54 Requests for Admission, and 21 Interrogatories.

Furthermore, Defendants served **Plaintiff** with 30 Requests for Production, 35 Requests for Admission, and 25 Interrogatories.

Defendants have advised Plaintiff that they have encountered difficulties obtaining information necessary to respond to discovery, including challenges communicating with Defendant Sean Combs and obtaining information from agents, representatives, and personnel associated with the entity defendants, given Mr. Combs's incarceration, including his recent transfer to a new facility.

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

Plaintiff has continued to meet and confer with Defendants regarding discovery and scheduling issues. Given the breadth of discovery served, the number of defendants, current discovery issues, and the anticipated volume of responsive information and documents outstanding, Plaintiff respectfully submits that the remaining discovery cannot reasonably be completed within the current schedule despite diligent efforts by counsel.

**4. Anticipated fact depositions.** The Parties anticipate taking several fact witness depositions, including at least ten each. Additional time is needed to identify and locate witnesses, evaluate relevant written discovery and document productions, meet and confer on discovery responses, seek relief form the Court if necessary to obtain all documents and things necessary for depositions, coordinate the availability of witnesses and counsel for multiple parties, and complete the depositions in an orderly sequence before expert deadlines and depositions. Plaintiff also anticipates taking the depositions of the 30(b)(6) witnesses of the defendant entities before expert depositions.

**5. Deposition of Sean Combs.** Mr. Combs is currently incarcerated at Federal Correctional Institution Allenwood Low (FCI Allenwood Low) in Pennsylvania. Under Federal Rule of Civil Procedure 30(a)(2)(B), Plaintiff must obtain leave of court before taking his deposition. Plaintiff anticipates filing a separate motion for that relief imminently after obtaining full written discovery responses and productions from Defendants. Additional time is needed to prepare and present the request, obtain a ruling, and coordinate the deposition with defense counsel and the correctional institution, including applicable access, security, scheduling, and recording requirements.

**6. Expert discovery.** The Parties anticipate designating several experts. Additional time for fact discovery is necessary to permit the experts to review relevant records and deposition testimony, complete their analyses, and prepare their disclosures and reports. Corresponding extensions of the initial and rebuttal expert disclosure deadlines and expert discovery cutoff will permit the Parties to complete expert depositions after those disclosures.

**7. Need for the requested extension.** Despite diligently pursuing discovery, the Parties cannot reasonably complete discovery within the current schedule. 742 discovery requests across the six defendants remain outstanding, substantial document collection and production are anticipated, and those productions are expected to inform the scope and sequencing of fact depositions. Plaintiff

must also seek leave of Court pursuant to Rule 30(a)(2)(B) before deposing Defendant Sean Combs and thereafter coordinate that deposition with defense counsel and the correctional institution. The requested ninety-day extension is narrowly tailored and represents the minimum additional time the Parties believe is necessary to complete written discovery, review document productions, conduct fact witness and Rule 30(b)(6) depositions, complete expert discovery, and prepare the matter for settlement discussions, dispositive motion practice, and trial on a complete factual record.

**8. Meet and confer and prior continuances.**

Counsel met and conferred regarding the requested continuance on October 27, 2026, by telephone and thereafter on October 28, 2026, and November 2, 2026, by email. On November 23, 2026, Defense counsel advised that they would not execute a stipulation requesting a ninety-day continuance. Defense counsel nevertheless represented that they sought a longer continuance and did not oppose continuing the trial date generally. Despite good-faith efforts to reach a stipulation, the parties were unable to agree on the specific relief requested herein.

**9. Prejudice and purpose.** Plaintiff seeks the requested extension to allow sufficient time for necessary discovery and meaningful trial preparation. The requested continuance will reduce the risk that the Parties must prepare dispositive motions, expert opinions, or trial submissions on an incomplete discovery record. The request is made in good faith to complete the identified work and is not made for purposes of delay.

**10. Requested schedule.** Subject to the Court's approval and calendar, Plaintiff requests that the dates in the Civil Trial Order (Dkt. 39) be modified as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Jury Trial Set | 06/28/2027 | 09/26/2027 |
| Final Pretrial Conference (FPTC), Hearing on Motions in Limine | 06/09/2027 | 09/07/2027 |
| Fact Discovery Cut-Off | 12/23/2026 | 03/23/2027 |
| Expert Disclosure (Initial) | 12/30/2026 | 03/30/2027 |

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

| | | |
|---|---|---|
| Expert Disclosure (Rebuttal) | 01/13/2027 | 04/13/2027 |
| Expert Discovery Cut-Off | 01/27/2027 | 04/27/2027 |
| Last Day to Hear All Dispositive Motions | 03/18/2027 | 06/16/2027 |
| Deadline to Complete Settlement Conference | 03/31/2027 | 06/29/2027 |
| Trial Filings (First Round) | 05/12/2027 | 08/10/2027 |
| Trial Filings (Second Round) | 05/26/2027 | 08/24/2027 |

**11. Continuing effect of existing order.** The Parties will continue to comply with the existing schedule unless and until the Court enters an order granting this request. A separate proposed order shall be submitted with this stipulation.

Dated: November 24, 2026 SINGLETON SCHREIBER, LLP

By: /s/ Meagan Dove
Brett Schreiber, Esq.
Meagan Dove, Esq.
Katie Llamas, Esq.
Kristina Aiad-Toss, Esq.
Vanessa J. Trujillo, Esq.
Attorneys for Plaintiff

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Suite 1025 | San Diego, CA 92108
www.singletonschreiber.com

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States of America that on this date, the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on November 24, 2026.

/s/ Meagan Dove
Meagan Dove, Esq.